### MUNDINE *versus* PERRY.

1. Under an issue, formed to try the question of property between a claimant and a plaintiff in execution, the jury have no right to render a verdict against the claimant, on the ground of infancy.

2. The proper course in such case, is to move for an issue to try the question of infancy, or for the appointment of a guardian.

In error from Shelby Circuit court.

In this case, the plaintiff, Mundine, having obtained judgment before a justice of the peace, against one Perry, levied his execution upon certain estate purporting to be the property of the defendant in the process. The defendant in error made claim to the property, as provided for by the statute, and under an issue formed before the justice, the right was determined in his favor. The cause being taken to the county court by Mundine, it there appeared in testimony, that the claimant was an infant; whereupon the court instructed the jury, " that if they believed the claimant to be a minor, they should find against him; as in case of *non-suit*. The jury so found, and on error to the Circuit court, the judgment of the County court, was reversed. It was in this court assigned as error, that such judgment of the Circuit court was improper.

*Stewart*, for plaintiff—*Peck*, contra.

SAFFOLD, J.—Execution having been levied on certain property, by virtue of a justice's judgment, in which Mundine was plaintiff, and E. Perry, sen., was defendant—Perry, jun., claimed the property, under the statute. A trial was had before the justice, and the right found in favor of the claimant. An appeal was taken to the County court, by Mundine : on the trial there, it appeared in evidence, that the claimant was an infant. The court, on the motion of Mundine, plaintiff in execution, instructed the jury, if they believed the claimant to be a minor, to find as in case of a *non suit* against him, which was accordingly done. These instructions being excepted to, the claimant took error to the Circuit court; where, for the charge given, the judgment of the County court was reversed.

It is now assigned for error, that the Circuit court reversed the judgment of the County court.

Whether or not the claimant was an infant, does not appear to have been made a question until after the trial of the right of property had been entered upon in the County court; the title to the property alone appears to have been put in issue as far as any had been joined ; and if none was formally joined, that omission could not aid the plaintiff in error, who succeeded in that court. It is however sufficiently evident, the question of the claimant's *title* to the property was the one intended to be tried, and the only one that the form and nature of the proceedings contemplated. Under this issue, it was irrelevant and incompetent for the court, or jury, to determine

the fact of the claimant's *infancy.* Admitting him to have been such, it is not questioned but he was equally capable of owning property.

If the object was to except to his right in person or by attorney, to prosecute his claim, this could legally have been done in a differenf way. On a suggestion of the fact of minority, if it was not contested, the plaintiff in execution might have moved the court to dismiss the claim, unless the claimant would nominate a guardian *ad litem,* to prosecute it. If the fact had been contested, the motion should have been for an issue to try it; and in the event of the factbeing thus ascertained, then the course should have been the same as if not contested.

In the case of *Bullard & Lord* vs. *Spoor,*[a] it was held, that a justice may appoint a guardian, *ad litem,* for an infant ; and, if the infant does not nominate one, the justice may appoint such person as he may think proper, on the motion of the plaintiff, and it must be a real, not a fictitious person. And see *Mackey* vs. *Gray.*[b]

The same principle was held in the case of *Moody, et al.* vs. *Gleason, et al.*[c] There, a *certiorari* had issued to a justice's court, returnable into the common pleas. at the instance of two only of the several defendants against whom a joint judgment had been rendered. These two were minors, for whom no guardians had been appointed, and the other defendants being adults did not join in the *certiorari.* The Supreme court decided that the common pleas might have appointed guardians for the infants, had the defendants appealed, and that such would have been

*[a]* 2 Cowen, 430.

*[b]* 2 Johns. 192—2 Sel. Prac. 68— Am. ed.

*[c]* 7 Cowen, 482.

the correct course, though no guardian had been appointed in the justices' court.

So, in this case, it would have been competent for the County court to appoint a guardian, *ad litem*, to the claimant, had he been admitted, or found to be an infant, though no such appointment had been made by the justice. The trial in the county court, was directed by statute, to be *de novo*, and the law so far protects the rights of infants, as to authorise not only the court of original jurisdiction, but also an appellate court, (the trial in which must involve the merits,) to supply this defect by the ceremony of an appointment, on the nomination of the infant, if of years of discretion ; and from the cases referred to, it would seem that the court may, without such nomination, make the appointmment in its discretion.

We are, therefore, of opinion, that the judgment of the Circuit court must be affirmed, and the cause remanded to the county court for further proceedings.